[Crim. No. 3127. Second Appellate District, Division One.—December 20, 1938.]

THE PEOPLE, Respondent, v. HARRY H. MORRISON, Appellant.

Edwin F. Franke and George W. Rochester for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was charged in an information with the crimes of robbery, kidnaping and violation of section 503 of the Vehicle Code, commonly known as the joy-riding statute, was found guilty thereof by a jury. The appeal herein is from the judgment and from the order denying defendant's motion for a new trial.

The evidence reveals that the alleged offense was committed on January 20, 1938, at about 7:30 o'clock in the evening, in a service station located at Pico and Sepulveda Boulevard, in Los Angeles. Some $8 were obtained from the operator of the station, one J. B. Abernathy, who was then forced by veiled threats to get into a car left in front of the station by a customer for servicing. The perpetrator of the offense got into the rear seat of the car and ordered the victim to drive him to a spot a few miles away in the hills near Playa Del Rey, which, it was learned later, was about 2½ miles from where the defendant was afterward found to be living. Here Abernathy was ordered to get out of the car, and the robber drove away.

The matter was immediately reported to the police, who later found the abandoned car in the Del Rey hills, about a mile and a half south of the point where Abernathy was ordered to leave, and about a mile from where the defendant was then living. The robber was described by Abernathy as having on a "long brown overcoat and a scarf wrapped up around his neck, and dark glasses. His black hair was combed slick back; his hands were in his pockets, slit pockets."

Some four days later, at about 10:30 o'clock at night, two police officers who were driving around in a car in the vicinity of the Del Rey hills noticed the defendant who was walking south on Ocean View Lane. The defendant "flagged" the car for a ride and one of the police officers asked defendant where he was going; defendant answered

"To Hyperion Pier", which was about 2½ miles south of that point, and which was where defendant said he lived, in a little shack down alongside of the pier. The police officer searched the defendant and found a revolver and a pair of dark glasses inside of his coat pocket. Within the next day or two Abernathy was called to the police station to identify the defendant. He was unable to make a positive identification at that time. Two detectives, with Abernathy, then went to a rooming house in Venice in which defendant had lived for one week immediately prior to the robbery; defendant's room was searched and a brown overcoat, with pockets fastened into the coat at an angle and which the witness Abernathy referred to as "slit pockets", was found rolled up and piled on top of a small box in the closet. The overcoat was taken to the police station and defendant was requested to wear it and to put on a pair of dark glasses. His hair, which had been frowsy upon Abernathy's first visit to the police station, was now wet and slicked back. Thus attired, the defendant came into the waiting room of the station, where Abernathy was waiting for him. Abernathy asked the defendant to repeat some words used by the robber in the hold-up. Defendant complied, and at that time Abernathy positively identified the defendant as the man who held him up.

Quoting from appellant's brief, it is contended that "the evidence is insufficient to justify or sustain the verdicts of guilty on all or any of the charges; that the testimony of the prosecution was insufficient to convict the defendant; the verdict of the jury was unwarranted and unreasonable; and the probability of the innocence of the defendant was the only reasonable inference to be drawn from the evidence".

In substance and effect, the only issue presented on appeal is whether the evidence supports the verdict of the jury and sustains the judgment.

It is urged in support of the above-mentioned contentions that appellant is the victim of mistaken identity, in connection with which it is argued that the identification of defendant by the only witness, namely Abernathy, is uncertain and unsatisfactory. The inability of the victim at first to identify the defendant naturally inspires such an argument, and it is reasonable to assume that the same argu-

ment was addressed, in vain, to the jury. However, the sufficiency and weight of the evidence was for the jury's consideration and determination, under which circumstances it is well settled that, in the absence of error, the verdict and judgment will not be disturbed on appeal. (*People* v. *Franklin,* 46 Cal. App. 1 [188 Pac. 607]; *People* v. *Wilson,* 76 Cal. App. 688 [245 Pac. 781].) Moreover, the failure of Abernathy to identify defendant in the first instance may have been regarded by the jury as an act of caution and deliberation rather than an indication of uncertainty. As a matter of law the evidence supports the judgment.

The judgment and the order denying a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.